1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

KIRK TURNER,

11

                              Petitioner,

12

13      v.

14

BUREAU OF PRISONS,

15

                              Respondent.

16

)   1:05 CV 0084 LJO WMW HC
)
)   ORDER REQUIRING RESPONDENT TO
)   SUBMIT ANSWER ADDRESSING MERITS
)   OF PETITION
)
)   ORDER REQUIRING RESPONDENT TO
)   SUBMIT NOTICE OF APPEARANCE
)
)   ORDER DIRECTING CLERK OF COURT TO
)   SERVE DOCUMENTS
)
)   Answer Due in 60 Days
)

17
18
19
20
21
22
23
24
25
26
27
28

Petitioner is a federal prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown

1

1   v. United States, 610 F.2d 672, 677 (9th Cir. 1990).  A petitioner filing a Petition for Writ of

2   Habeas Corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the

3   petitioner's custodian.  Brown, 610 F.2d at 677.

4        Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases,[1] the Court

5   HEREBY ORDERS:

6        1.Respondent SHALL FILE an ANSWER addressing the merits of the Petition within

7   **SIXTY (60)** days of the date of service of this order. Respondent shall include with the response

8   any and all transcripts or other documents relevant to the resolution of the issues presented in the

9   petition, including copies of appeals taken by a prisoner within the prison and before the Bureau

10  of Prisons.[2]  Rule 5 of the Rules Governing Section 2254 Cases. The Court recognizes that

11  Counsel on behalf of the Government and/or the Institution[3] may wish to respond on separate

12  issues raised in the Petition.  However, the Court will accept only one (1) "Answer."  Such

13  Answer SHALL CONTAIN all argument with respect to all of the issues raised in the Petition,

14  whether formulated by Counsel for the Government or the Institution.

15        2.      Respondent SHALL FILE a Notice of Appearance within **TWENTY (20)** days of

16              the date of service of this Order.  The Notice SHALL indicate the name of the

17              individual(s) who will be representing the Government and/or the Institution.  The

18              Notice is necessary to ensure that the appropriate counsel for Respondent is being

19              served by the Court.  The submission of the Notice of Appearance will terminate

20

21        [1]The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than
those brought under § 2254 at the Court's discretion.  See, Rule 1 of the Rules Governing Section 2254 Cases.  Civil

22  Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the
practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the

23  practice of civil actions."  Fed. R. Civ. P 81(a)(2).

24        [2]In the event Respondent is unable to obtain a photocopy of prisoner appeals and intends to file a
computerized printout of the disposition, Respondent must also provide the Court with translation of the internal

25  codes used in the printout.  To the extent the claims concern prison policy and procedure not accessible to the Court
by electronic means (Westlaw/Lexis), Respondent must provide the Court with a photocopy of all prison policies

26  and/or procedures at issue in the case.  This includes any *internal* prison policies of which a prisoner complains and
is subject to.

27        [3]Counsel for the "Institution" means private Counsel representing contracted facilities such as Taft

28  Correctional Institution, (Wackenhut Corrections Corporation), or California City Correctional Center (Corrections
Corporation of America).

Court service on those listed in paragraph 4.

3.       Petitioner's TRAVERSE, if any, is due on or before **THIRTY (30)** days from the date Respondent's Answer is filed.

4.       The Clerk of the Court SHALL serve a copy of this Order along with a copy of Petitioner's Petition and all exhibits, and the Supplement to Petition filed February 16, 2005 [Doc. 3] on the Office of the United States Attorney for the Eastern District of California, an agent for the appropriate Correctional Institution if applicable, and the United States Bureau of Prisons.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.  Local Rule 78-230(h).  All provisions of Local Rule 11-110 are applicable to this order.

IT IS SO ORDERED.

**Dated:    May 23, 2007**                          **/s/  William M. Wunderlich**
                                                     UNITED STATES MAGISTRATE JUDGE

3