# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KIRK TURNER, | ) 1:05 CV 0084 LJO WMW HC ) |
| Petitioner, | ) MEMORANDUM OPINION AND ORDER RE ) PETITION FOR WRIT OF HABEAS CORPUS ) |
| v. | ) ) ORDER DENYING CERTIFICATE OF ) APPEALABILITY |
| BUREAU OF PRISONS, | ) |
| Respondent. | ) ) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.   Respondent opposes the petition.

**PROCEDURAL HISTORY**

During October and November of 1996, Petitioner sold a total of 12.9 grams of cocaine base to an undercover investigator for the Arkansas State Police.  He pleaded guilty to one of the three counts in his indictment in May of 1999.  Because he had prior convictions for assault with a firearm and possessing a controlled substance for sale, the district court determined that he was a career criminal and, on September 8, 1999, sentenced him to 210 months imprisonment.  The Ninth Circuit affirmed Petitioner's judgment on appeal.  United States v. Turner, 210 F.3d 380 (8th Cir. 2000). On April 23, 2001, Petitioner filed a motion to vacate his sentence pursuant to § 2255, which the district court denied on January 11, 2002.  Four years later, Petitioner filed an

1

application with the Eighth Circuit for permission to file a second § 2255 motion.  The court denied that motion on January 17, 2007.  Petitioner filed the present petition on January 21, 2005.

## LEGAL STANDARD

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).  To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner.  See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole).  A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian.  Brown, 610 F.2d at 677.

## DISCUSSION

In this action Petitioner contends that the copy of his presentence report and judgment and commitment order in the Bureau of Prison's (BOP") Central File contain inaccurate information. In particular, he argues that the presentence report calculates his offense level and criminal history incorrectly because the facts used to establish them were not contained in the indictment against him and were not found to be true by a jury beyond a reasonable doubt.  He also contends that one of the felony convictions that was used to declare him a career offender has been

reduced to a misdemeanor under California Penal Code § 1203.4 and can no longer be used against him.  He believes that the judgment against him is incorrect because the district court based his sentence on the presentence report and the non-reduced felony.

Petitioner states that he seeks the following relief: (1) $20,000 in damages; (2) correction of his presentence report; (3) resentencing to eliminate the effect of the career offender enhancement that the district court used in calculating his guidelines; and (4) reclassification within the prison system based on the corrected report.  To justify these claims, Petitioner invokes not only this court's habeas corpus jurisdiction, but also the Privacy Act, 5 U.S.C. § 552a.

To the extent that Petitioner is seeking monetary damages for the alleged violations of his civil rights, the remedy Petitioner seeks is not available through 28 U.S.C. § 2241.  A federal prisoner seeking monetary damages derived from the conditions of his confinement must bring his claim in a civil rights action rather than a habeas corpus action.  <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), provides Petitioners with a remedy for violation of civil rights by federal actors.  The court therefore agrees with Respondent that this habeas corpus action cannot be used to seek monetary damages.

Petitioner asks the court to "void the invalid judgment and conviction order."  Petitioner supports this request with two arguments.  First, Petitioner claims that the district court's calculation of guideline variables should have been done by a jury using a beyond a reasonable doubt standard.  Second, Petitioner claims that one of his prior state convictions can no longer be used to enhance his present sentence because the state conviction was reduced to a misdemeanor under Penal Code §1203.4.  As Respondent argues, the court lacks jurisdiction to consider these arguments in the present § 2241 petition.

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.1988);  <u>Thompson v. Smith</u>, 719 F.2d 938, 940 (8th Cir.1983); <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3rd 1997); <u>Broussard v. Lippman</u>, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, only the sentencing

court has jurisdiction. Tripati, 843 F.2d at 1163.   A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  The Ninth Circuit has recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 Motions does not render § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Petitioner's first argument, presumably made pursuant to Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005), is not a claim of actual innocence.  Rather, it is an assertion that a jury should have calculated Petitioner's sentence, not a judge.  This assertion does not support a claim that the remedy under § 2255 is inadequate or unavailable. See also  United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005)(holding that Booker cannot be invoked in collateral challenges).   Similarly, the argument that Petitioner's prior conviction has been altered by the state court does not show that he is innocent.  See also

United States v. Hayden, 255 F.3d 768, 771 (9th Cir. 2001)(remedy provided by Penal Code § 1203.4 is unrelated to guilt or innocence).  Therefore, this argument also does not support a claim that the remedy under § 2255 is inadequate or unavailable.

Finally, many of Petitioner's claims rely on the Privacy Act, 5 U.S.C. § 552a.  Petitioner provides no authority supporting his ability to bring these claims within the present action. Allowing Petitioner to pursue a civil action pursuant to the Privacy Act within a habeas corpus petition would circumvent the requirements under the Prison Litigation Reform Act, particularly the exhaustion requirement.  Further, as Respondent points out, the Ninth Circuit has long held that the BOP fulfills its duties under the Privacy Act by allowing a prisoner to place his objections to the presentence report in the file.  Fendler v. Bureau of Prisons, 846 F.2d 550, 554 (9th Cir. 1988).  In this case, a copy of the state court order in question was placed in Petitioner's file, and nothing more is required.

In conclusion, the court finds that it lacks jurisdiction over this § 2241 petition for writ of habeas corpus.

Petitioner may seek to appeal from the judgment of the court in this case.  Petitioner cannot proceed on such an appeal absent a certificate of appealability.  The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right.  Accordingly, a certificate of appealability will be denied.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) This petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED lack of jurisdiction;

2) A certificate of appealability is DENIED;

3) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   March 11, 2008**               /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE